MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ. LTD.
376 E. Warm Springs Rd., Ste.,125
Las Vegas, Nevada 89119
(702) 642-3113/(702) 642-9766 FAX

Attorney for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOURNE VALLEY COURT TRUST<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; MTC FINANCIAL, INC., dba TRUSTEE CORPS,; and RENEE JOHNSON<br><br>Defendants. | CASE NO.: 13-CV-00629-PMP-CWH |

**EX PARTE MOTION TO ENLARGE TIME FOR SERVICE**

Plaintiff, Bourne Valley Court Trust, by and through its attorney, Michael F. Bohn, Esq., hereby moves this court, ex parte, for an order enlarging the time for service on defendant Renee Johnson, who counsel for the plaintiff has recently learned may be deceased. This motion is based upon the points and authorities contained herein, and the affidavit attached hereto.

**FACTS**

The complaint in this action was filed in state court on January 16, 2013. The plaintiff is the owner of the real property located at 410 Horse Point Avenue, North Las Vegas, Nevada. The plaintiff purchased the purchased from a related entity, the Horse Pointe Avenue Trust. The Horse Pointe Avenue Trust acquired the property through foreclosure sale. The foreclosure was conducted as a result of a delinquency in assessments due from the former owner, Renee Johnson, to the Parks Homeowners

1

Association, pursuant to NRS Chapter 116.

This action was filed to obtain a judgment quieting title in the plaintiffs name. One of the named defendants is the former owner, Renee Johnson. It has been learned that Renee Johnson may be deceased.

The 120 days to serve Renee Johnson expires May 16, 2013. The plaintiff now moves for an order extending the time for service. The plaintiff may have to file a probate of Renee Johnson's estate as a creditor of the estate for the purpose of serving the estate. The plaintiff may also be required to file an amended complaint naming the estate as a named party.

For these reasons, the plaintiff seeks an additional 120 days to serve the defendant.

## **POINTS AND AUTHORITIES**

FRCP 4 (m) provides:

**Time limit for Service.**
If a defendant is not served within 120 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff –must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Nevada Rule, NRCP 4(i) similarly provides:

**Summons: Time Limit for Service.**
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion, unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period. If the party on whose behalf such service was required fails to file a motion to enlarge the time for service before the 120-day service period expires, the court shall take that failure into consideration in determining good cause for an extension of time. Upon a showing of good cause, the court shall extend the time for service and set a reasonable date by which service should be made.

In Scrimer v. Eighth Judicial District Court, 116 Nev. 507, 998 .2d 1190 (2000), the Nevada Supreme Court, explained the standards for an extension of time to serve:

We conclude that a number of considerations may govern a district court's analysis of good cause under NRCP 4(i), and we emphasize that no single consideration is controlling. Appropriate considerations include: (1) difficulties in locating the defendant, (2) the defendant's efforts at evading service or concealment of improper

2

service until after the 120-day period has lapsed, (3) the plaintiff's diligence in attempting to serve the defendant, (4) difficulties encountered by counsel, (5) the running of the applicable statute of limitations, (6) the parties' good faith attempts to settle the litigation during the 120-day period, (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant, (8) the prejudice to the defendant caused by the plaintiff's delay in serving process, (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court. Underlying these considerations is the policy behind Rule 4(i)-to encourage the diligent prosecution of complaints.
(footnotes omitted)

The plaintiffs meet the requirements set forth by the Nevada Supreme Court in <u>Scrimer</u>.

First, the defendant will not be prejudiced by the extension of time. There will be no prejudice because little progress has occurred in the suit since it was filed, and it appears that the defendant may be deceased and no probate action has been commenced on her behalf. As the defendant will suffer no prejudice there is no harm in granting the extension.

Further, this is the first request for an extension of the time for service. No other requests have been made.

The plaintiffs meet the requirements for the enlargement of time for service as set forth in <u>Scrimer</u>. The defendant will not be prejudiced by service at this late date and this is the first request for an enlargement of the time for service.

## **CONCLUSION**

The plaintiff respectfully requests that the court grant its motion for enlargement of time to serve defendant, Renee Johnson. The defendant will not be prejudiced by service at this late date and this is the first request for an enlargement of the time for service.

DATED this 29th day of April, 2013

          LAW OFFICES OF
          MICHAEL F. BOHN, ESQ., LTD.

         By: /s/ *Michael F. Bohn*
          MICHAEL F. BOHN, ESQ.
          Nevada Bar No. 1641
          376 E. Warm Springs Rd., Ste. 110
          Las Vegas, NV 89119
          Attorney for plaintiff

3

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on the  29th  day of April 2013, I served a photocopy of the foregoing **EX PARTE MOTION TO ENLARGE TIME FOR SERVICE** by placing the same in a sealed envelope with first-class postage fully prepaid thereon and deposited in the United States mails addressed as follows:

| | |
|---|---|
| Richard J. Reynolds, Esq.<br>1851 East First St. # 1550<br>Santa Ana, CA 92705-4067 | Phillip A. Silvestri, Esq.<br>Silvestri Gidvani, PC<br>1810 E. Sahara Ave., Ste 1395<br>Las Vegas, NV   89104 |

   /s/ /*Judy Norman/*
   An employee of the LAW OFFICES
   OF MICHAEL F. BOHN, ESQ., LTD.

IT IS SO ORDERED.

_____
PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

Dated:  April 29, 2013.

4